**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Thermaduct, LLC.,

Plaintiff and Counter-Defendant,

v.

Albers Mechanical Contractors, Inc. d/b/a Ducts and Cleats; and Albers Sheetmetal and Ventilating, Inc., d/b/a Ducts and Cleats,

Defendants and Counterclaimants.

Case No. 26-cv-0963 (LMP/SGE)

**ORDER**

---

This matter is before the Court following an Unopposed Motion to Amend Pleadings filed by Defendants and Counterclaimants Albers Mechanical Contractors, Inc. d/b/a Ducts and Cleats; and Albers Sheetmetal and Ventilating, Inc., d/b/a Ducts and Cleats ("Defendants") on November 12, 2026. (Dkt. 66.) For the reasons set forth below, Defendants' Motion is **GRANTED**.

This is patent infringement action. (*See* Dkts. 1, 25, 47.) The Court entered a pretrial Scheduling Order on August 18, 2026, setting November 12, 2026, as the deadline to amend pleadings. (Dkt. 59, at 10.) Defendants move to amend their Amended Answer and Counterclaim filed on June 18, 2026. (*See* Dkt. 68, at 2–3.) Because Defendants filed this Motion on—and not after—the deadline for amending pleadings, Fed. R. Civ. P. Rule 15(a)(2) governs. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court

should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this is a liberal standard, a court may deny the movant leave to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).

Here, Plaintiff consents to Defendants' Motion. (Dkt. 69-3, at 2–3.) Further, none of the exceptions to Rule 15(a)(2)'s liberal standard are at issue. Defendants allege that Plaintiff infringes at least claim 10 of Defendants' patent, U.S. Pat. No. 11,835,252. (Dkt. 47 ¶¶ 66–97.) Plaintiff filed a request for correction to the United States Patent and Trademark Office ("USPTO") on April 9, 2026—two months after the filing of this action—and an amended request for correction on August 25, 2026, to correct a typographical error in claim 10 of the '252 patent. (Dkt. 69-4.)

On November 10, 2026, USPTO issued a Certificate of Correction correcting the error. (Dkt. 69-5.) Defendants promptly moved to amend their counterclaims two days after the issuance of the Certificate of Correction to assert patent infringement based on the corrected and original patent claim. (Dkt. 68.) This does not show undue delay, bad faith or dilatory motive.

Further, patent infringement is a continuing tort and "each act of patent infringement gives rise to a separate cause of action." *Hazelquist v. Guchi Moochie Tackle Co.*, 437 F.3d 1178, 1180 (Fed. Cir. 2006) (quoting *Augustine Med., Inc. v. Progressive Dynamics, Inc.*, 194 F.3d 1367, 1371 (Fed. Cir. 1999)). Patent holders must establish that an accused infringer infringes a patent claim in order to prevail in a claim

for damages. Here, Defendants seek to recover damages for Plaintiff's alleged ongoing infringement of claim 10. (*See* Dkt. 47 ¶¶ 66–97.) But because claim 10 was corrected, Defendants must establish that Plaintiff infringed claim 10 both before and after claim 10 was corrected to recover damages prior to November 10, 2026, and damages for alleged ongoing infringement.

Under these circumstances, granting Defendants' Motion is warranted.

**ORDER**

Based upon the submissions and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant's Unopposed Motion for Leave to File Second Amended Answer and Counterclaims (Dkt. 66) is **GRANTED**.
2. Defendants shall file the Second Amended Answer and Counterclaims on or before **November 23, 2026**.
3. The Motion Hearing set for 12/10/2026 at 10:00 AM in Courtroom 9E (MPLS) before Magistrate Judge Shannon G. Elkins is **CANCELED**.

Dated: November 16, 2026

*s/Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge